UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   For Online Publication Only
WORLD COURIER INC.,

**ORDER**
                          Plaintiff,      17-CV-2843 (JMA) (SIL)

-against-

WMJ&K LOGISTICS INC., WALTER M. BLAIR and
PAKISHA BLAIR,

                          Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Before the Court is plaintiff's motion for default judgment against defendants WMJ&K Logistics Inc. ("WMJ&K"), Walter M. Blair and Pakisha Blair for $117,507.97, plus pre- and post-judgment interest. For the reasons stated herein, plaintiff's motion is GRANTED and plaintiff is awarded a default judgment against defendants in the amount of $148,336.89.

## I. DISCUSSION

### A. **Defendants Defaulted**

      Defendants, who have not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

### B. **Liability**

      When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish defendants' liability under New York law.

**C. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that plaintiff's submissions, including the spreadsheets and demand letters included in Exhibits C-D to the complaint (ECF No. 1-1), as well the Affidavit of Damacio Rodriguez in Support of Judgment on Default (ECF No. 14-4.) establish the damages of $117,507.97 to a reasonable certainty.

**D. Interest**

In its motion, plaintiff requests pre- and post-judgment interest at the New York statutory rate of nine percent (9%) per annum. (Motion for Default Judgment at 5.) The Court notes that while N.Y. C.P.L.R. 5004 governs the pre-judgment interest rate in this case, "the federal post-judgment interest rate provided for in 28 U.S.C. § 1961 applies in diversity cases." FCS Advisors, Inc. v. Fair Fin. Co., Inc., 605 F.3d 144, 147 (2d Cir. 2010). Therefore, plaintiff's request to calculate post-judgment interest at the New York statutory rate of 9% is hereby denied.

Pursuant to N.Y. C.P.L.R. § 5001(b) and plaintiff's allegation that the relevant conduct pertaining to the claims—the submission of invoices containing four hundred seventy-three (473) duplicative jobs—occurred from October 2014 through May 2016, the Court selects August 1, 2015 as the date from which pre-judgment of nine percent (9%) per annum shall

accrue. Accordingly, plaintiff is entitled to $30,828.92 in pre-judgment interest calculated through the date of this order.

## II.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against defendants as follows:  Defendants are jointly and severally liable to plaintiff, World Courier Inc., for $148,336.89.  Post-judgment interest is granted and shall be calculated pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:  March 30, 2018
Central Islip, New York

>                  /s/      (JMA)
> JOAN M. AZRACK
> UNITED STATES DISTRICT JUDGE